ZEHMER, Judge
(concurring and dissenting).
I agree that the evidence was legally sufficient to support a finding of guilty on at least one of the charges and concur in part in affirming the guilty finding on those issues, but I would reverse the order and remand for entry of an order incorporating the suspension and probation recommended by the hearing officer.
My review of the record indicates that the evidence in support of the various charges is very weak indeed. There is competent substantial evidence to support the charge based on the misuse of the catheter, however, and for this reason I concur in the affirmance of disciplinary action on that charge. Additionally, the hearing officer was entitled to find on the disputed evidence that appellant failed to timely respond to a patient in distress and failed to properly document the incident, although the whole affair seems to me to *1341 have been more a matter of miseommunication between appellant and other members of the staff than a serious dereliction of duty. Nevertheless, the finding of guilt on that charge may also be sustained. But I conclude that the evidence in support of the charge of failing to promptly and properly care for the broken skin on the patient’s coccyx was insubstantial and legally insufficient to prove that charge since two other shifts of nursing personnel monitored that patient during the relevant times and did not report a dangerous condition or take the corrective action forming the basis of the charge against appellant. The record suggests that the skin condition was not as serious as the Board’s order implies.
Most importantly, I find no competent substantial evidence in the record to support the Board’s finding that appellant cannot be rehabilitated. The inherent weakness of the evidence to establish the charged offenses does not, in my view, prove that appellant’s actions evidence both an inability and unwillingness to comply with proper medical standards and practices. I disagree with the majority’s holding that the Board has set forth legally sufficient reasons justifying its rejection of the hearing officer’s recommended punishment and ordering that appellant’s license be revoked. While the majority’s modification of the order striking the provision permanently prohibiting appellant from petitioning the Board for reinstatement of her license is absolutely correct and affords some margin of relief to appellant, I believe the more proper disposition is to remand with directions to order the suspension of her license followed by a period of probation as recommended in the hearing officer’s order.